### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| **WILLIAM AND SUSAN MOSCA,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **No. 2:15-cv-266-JDL** |
| | ) | |
| **YANKEE PUBLISHING, INC.,** | ) | |
| | ) | |
| **Defendant** | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

Yankee Publishing, Inc., moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the instant copyright infringement complaint for failure to state a claim upon which relief can be granted. *See* Yankee Publishing, Inc.'s Motion To Dismiss ("Motion") (ECF No. 11) at 1-2; Complaint and Demand for Jury Trial ("Complaint") (ECF No. 1). For the reasons that follow, I conclude that the Complaint fails to state a claim. However, I recommend that, rather than dismissing it, the court grant the plaintiffs' request, in the alternative, for leave to amend it to allege the existence of an express agreement with more particularity. *See* Plaintiffs' Opposition to Yankee Publishing Inc.'s Motion To Dismiss ("Opposition") (ECF No. 12) at 8. Specifically, I recommend that the plaintiffs be afforded 10 days from the date of the court's adoption of this recommended decision, if applicable, to file an amended complaint, failing which the Complaint should be dismissed with prejudice.[1]

---

[1] Although a magistrate judge may decide a motion to amend, *see, e.g.*, *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000), the plaintiffs' alternative request for leave to amend relates at least in part to an assessment of the defendant's motion to dismiss, which is addressed in this recommended decision. Accordingly, I have concluded that it is appropriate to issue a recommended decision on the request to amend, to afford the court, in the event a party objects to this recommended decision, the opportunity to apply the same standard of review for each of the recommended determinations herein.

# I.  Applicable Legal Standards

## A.  Motion To Dismiss

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted).  This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).  Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).  "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."  *Id.* (citation and internal quotation marks omitted).

## B.  Motion To Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend should

be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

> The First Circuit has explained:

> A motion to amend a complaint will be treated differently depending on its timing
> and the context in which it is filed. . . .  As a case progresses, and the issues are
> joined, the burden on a plaintiff seeking to amend a complaint becomes more
> exacting.  Scheduling orders, for example, typically establish a cut-off date for
> amendments (as was apparently the case here).  Once a scheduling order is in place,
> the liberal default rule is replaced by the more demanding "good cause" standard
> of Fed. R. Civ. P. 16(b).  This standard focuses on the diligence (or lack thereof) of
> the moving party more than it does on any prejudice to the party-opponent.  Where
> the motion to amend is filed after the opposing party has timely moved for summary
> judgment, a plaintiff is required to show "substantial and convincing evidence" to
> justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation

marks, and footnotes omitted).

In this case, the defendant filed a motion to dismiss in lieu of an answer, and the plaintiffs

requested leave to amend in the context of opposing that motion.  *See* ECF Nos. 11-12.  No

scheduling order has issued.  *See generally* ECF Docket.  Therefore, the liberal default rule applies.

## II.  Factual Background

The Complaint sets forth the following relevant factual allegations.[2]

Plaintiffs William and Susan Mosca, residents of Lovell, Maine, own the copyright in an

original literary work titled "I would Like to Own and Operate an Old-Fashioned Count[r]y Inn,

---

[2] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted).  "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible."  *Id*.  "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility."  *Id*. (citation and internal quotation marks omitted).

Like the Center Lovell Inn" (the "Center Lovell Inn Composition"), written by Richard and Janice Cox.  Complaint ¶¶ 2, 4-5.

The defendant is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Dublin, New Hampshire.  *Id.* ¶ 3.  It operates as a publisher and distributor of national and local magazines and publishes Yankee Magazine.  *Id.*

The Center Lovell Inn Composition was published in October 1993 with the plaintiffs' permission.  *Id.* ¶ 6.  On or about December 9, 1993, the plaintiffs registered the copyright for the Center Lovell Inn Composition with the Registry of Copyrights.  *Id.* ¶ 8.

On or about March 13, 2015, Yankee Publishing published the Center Lovell Inn Composition without the permission of or license by the plaintiffs, who at that time owned the copyright in the piece.  *Id.* ¶¶ 9-10.[3]

### III.  Discussion

The defendant seeks dismissal of the Complaint on the basis that, on the facts alleged, its republication of the Center Lovell Inn Composition was privileged pursuant to 17 U.S.C. § 201(c) and, thus, did not infringe the plaintiffs' copyright as a matter of law.  *See* Motion at 3-5.  In the alternative, it argues that, even if the Complaint states a claim for copyright infringement, the plaintiffs fail to state a plausible claim pursuant to *Twombly/Iqbal* that any infringement was willful.  *See id.* at 5-7.

The plaintiffs deny that any privilege pursuant to section 201(c) applies, both because the defendant misreads the statute and because, in any event, section 201(c) privileges apply only in the absence of an express agreement otherwise.  *See* Opposition at 2-8.  They assert that, in this

---

[3] The plaintiffs suggest in their complaint that the defendant published the Center Lovell Inn Composition in 1993 and again in 2015 in Yankee Magazine.  *See* Complaint ¶¶ 3, 6, 9.  To the extent that there is any doubt, they make clear in their opposing brief that this is precisely what they allege.  *See* Opposition at 1.

case, such an agreement existed: to wit, an agreement that the Center Lovell Inn Composition would be published solely in the October 1993 edition of Yankee Magazine. *See id.* at 7. They request that, in the event that the court finds that they have failed to allege the existence of that agreement with sufficient particularity, they be given leave to amend their complaint to remedy that defect. *See id.* at 8. Finally, they argue that, because willfulness goes to the issue of damages and is not an element of a copyright claim, they need meet *Twombly/Iqbal* pleading standards with respect to it. *See id.* at 8-9.

In reply, the defendant stands on its interpretation of section 201(c) and contends that the plaintiffs fail to plead the existence of any express agreement, on the bases of which, it argues, the Complaint should be dismissed. *See* Defendant's Reply Memorandum in Support of Motion To Dismiss ("Reply") (ECF No. 13) at 1-4. It disputes the proposition that allegations of willful copyright infringement are not subject to *Twombly/Iqbal* pleading standards. *See id.* at 4-6. It takes no position on the request for leave to amend the Complaint. *See generally id.*

I conclude that the Complaint fails to state a claim upon which relief can be granted but recommend that, in lieu of dismissing it, the court grant the plaintiffs' request to amend their complaint.

## A. Applicability of Section 201(c) Privilege

As the defendant notes, *see* Motion at 3, the Copyright Act was amended in 1976 to include the following provision bearing on contributions to "collective works":

> Copyright in each separate contribution to a collective work is distinct from copyright in the collective work as a whole, and vests initially in the author of the contribution. In the absence of an express transfer of the copyright or of any rights under it, the owner of copyright in the collective work is presumed to have acquired only the privilege of reproducing and distributing the contribution as part of that particular collective work, any revision of that collective work, and any later collective work in the same series.

5

17 U.S.C. § 201(c). A "collective work" is defined as "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." *Id*. § 101.

The defendant argues that, on the facts alleged in the Complaint, its republication of the Center Lovell Inn Composition in a later issue of Yankee Magazine constituted a privileged reproduction of the piece in a "later collective work in the same series[,]" namely, a later issue of Yankee Magazine. Motion at 4-5; Reply at 2-3. The plaintiffs rejoin that the defendant's interpretation would swallow the rule of section 201's three narrow presumptive privileges, enabling "[a] newspaper [to] republish a freelance author's individual contribution each day of the week without obtaining additional permission from the author." Opposition at 2 (footnote omitted).

Insofar as appears from the caselaw cited by the parties and my own research, this discrete issue is one of first impression. I, therefore, "begin [my] analysis with the statutory text and determine whether the same is plain and unambiguous." *Recovery Grp., Inc. v. Commissioner of Internal Revenue*, 652 F.3d 122, 125 (1st Cir. 2011). "In so doing, [I] accord the statutory text its ordinary meaning by reference to the specific context in which that language is used, and the broader context of the statute as a whole." *Id*. (citation and internal quotation marks omitted). "If the statutory language is plain and unambiguous, [I] must apply the statute according to its terms, except in unusual cases where, for example, doing so would bring about absurd results." *Id*. (citations and internal quotation marks omitted).

"If the statute is ambiguous, [I] look beyond the text to the legislative history in order to determine congressional intent." *Id*. (citation and internal quotation marks omitted). "A statute is

ambiguous only if it admits of more than one reasonable interpretation." *Id.* (citation and internal quotation marks omitted).

That is the case here.  A "series" is defined, in relevant part, as "[a] sequence of usu[ally] continuously numbered issues or volumes of a publication."  Webster's II New Riverside Univ. Dictionary 1065 (1994).  A later issue of a periodical reasonably could be construed as "later collective work in the same series[,]" the "series" being that particular periodical.  On the other hand, as the plaintiffs argue, *see* Opposition at 6-7 & n.2, the phrase could be read more narrowly to apply only to updates of earlier editions that preserve much of the selection, coordination, and arrangement of the original collective work; for example, a later edition of an encyclopedia or dictionary.

While I find no case holding that a subsequent edition of the same magazine does – or does not – qualify as "later collective work in the same series" for purposes of section 201(c), there is, as both sides recognize, legislative history bearing on the point.  *See* Motion at 4; Opposition at 6-7 n.2.  The legislative history at issue was quoted with favor by the Supreme Court in *New York Times Co. v. Tasini*, 533 U.S. 483 (2001), in which the Court held that print publishers infringed authors' copyrights when they authorized electronic publishers to include articles that had previously been published in printed collective works in the electronic publishers' vast electronic databases, *see Tasini*, 533 U.S. at 498-506.

In *Tasini*, the Supreme Court rejected the publishers' argument that the republication at issue was privileged pursuant to section 201(c) as a "revision" of an earlier collective work.  *See id*.  However, in so doing, the Court generally addressed the purpose for which the section 201(c) privileges was enacted.  *See id*. at 493-97.  After quoting section 201(c), it observed:

> In accord with Congress' prescription, a "publishing company could reprint a contribution from one issue in a later issue of its magazine, and could reprint an

> article from a 1980 edition of an encyclopedia in a 1990 revision of it; the publisher
> could not revise the contribution itself or include it in a new anthology or an entirely
> different magazine or other collective work."

*Id*. at 496-97 (quoting H.R. Rep. No. 94-1476 ("House Report"), at 122-23 (1976), *as reprinted in*

1976 U.S.C.C.A.N. 56597, 5738).

The plaintiffs assert that the quoted passage of the House Report "must be understood to

allow a publisher to reprint a contribution from one issue in a later issue only when the subsequent

issue is a 'later collective work in the same series'"; for example, a work such as the Norton

Anthology of Poetry that "largely maintains the same selection, coordination and arrangement that

went into the earlier issues."  Opposition at 6-7 n.2.  They argue that, because each edition of a

magazine is a "collective work," a publisher is not privileged to reproduce work in a later edition,

which is a "new collective work."  *Id*. at 5 (internal quotation marks omitted).  They emphasize

that the Court in *Tasini* quoted the House Report for the proposition that a publisher cannot

"include [the contribution] in a new anthology or entirely different magazine or other collective

work."  *Id*. (quoting *Tasini*, 533 U.S. at 497).

Nonetheless, the plaintiffs minimize the fact that, prior to stating that a publisher cannot

reproduce an author's piece in an entirely different magazine, the House Report also stated that a

publisher can "reprint a contribution from one issue in a later issue of its magazine[.]"  House

Report at 122-23, *as reprinted in* 1976 U.S.C.C.A.N. at 5738.  No qualification was made that the

later issue had to be substantially similar in selection, coordination, or arrangement.  *See id*.  In so

stating, Congress made clear that, for purposes of the section 201(c) privilege, while a subsequent

issue of the same magazine (in this case, Yankee Magazine) may be a new collective work, it

qualifies as a "later collective work in the same series[.]"  17 U.S.C. § 201(c).  By an "entirely

different magazine," House Report at 123, *as reprinted in* 1976 U.S.C.C.A.N. at 5738, Congress

meant a different magazine, not a different edition of the same magazine.  For example, if the defendant had republished the Center Lovell Inn Composition in Old Farmer's Almanac rather than Yankee Magazine, that usage would not have been privileged pursuant to section 201(c).

This interpretation does not "swallow the rule[,]" "violate the spirit and intent behind section 201(c)'s presumptive privileges[,]" or "advance the publisher's rights at the expense of those of the authors[,]" as the plaintiffs complain.  Opposition at 6-7.  In enacting section 201(c), Congress sought "to clarify and improve the present confused and frequently unfair legal situation with respect to rights in contributions."  House Report at 122, *as reprinted in* 1976 U.S.C.C.A.N. at 5738.  "Prior to the 1976 revision, . . . authors risked losing their rights when they placed an article in a collective work."  *Tasini*, 533 U.S. at 494.  "The author did not have the option to assign only the right of publication in the periodical; such a partial assignment was blocked by the doctrine of copyright indivisibility."  *Id.* (citation and internal quotation marks omitted).  "The 1976 Act rejected the doctrine of indivisibility, recasting the copyright as a bundle of discrete exclusive rights, each of which may be transferred and owned separately."  *Id.* at 495 (citations, internal punctuation, and footnote omitted).  "Essentially, § 201(c) adjusts a publisher's copyright in its collective work to accommodate a freelancer's copyright in her contribution."  *Id.* at 497.  "If there is demand for a freelance article standing alone or in a new collection, the Copyright Act allows the freelancer to benefit from that demand; after authorizing initial publication, the freelancer may also sell the article to others."  *Id.*

However, in enacting section 201(c), Congress described "[t]he basic presumption of section 201(c)" as "fully consistent with present law and practice" and as "represent[ing] a fair balancing of equities."  House Report at 122, *as reprinted in* 1976 U.S.C.C.A.N. at 5738.  It stated that "the last clause of the subsection, under which the privilege of republishing the contribution

9

under certain limited circumstances would be presumed, is an essential counterpart of the basic presumption." *Id.*

The instant republication falls on the side of the equitable line favoring the publisher. While it is true, as the plaintiffs note, that a publisher theoretically could reprint an author's article in the same magazine *ad nauseam* without further payment for the privilege, *see* Opposition at 6, the publisher could not reprint the article in any of its other publications, and the author would remain free to sell the article to different publishers. These are all significant rights favoring the author that did not exist, or at least did not clearly exist, prior to the 1976 revision. Moreover, on a practical note, it is difficult to imagine that any publisher hoping to increase or maintain its circulation would reprint the same article repeatedly in the same magazine. It is hardly surprising that, in this case, more than 20 years elapsed between the first and second publications.

In sum, pursuant to section 201(c), an author is presumed to have ceded a publisher the right to reprint a contribution in a later edition of the same magazine, absent an express agreement otherwise.[4]

---

[4] Other authorities cited by the plaintiffs do not persuade me otherwise. The plaintiffs quote a passage from *Oddo v. Ries*, 743 F.2d 630, 633-34 (9th Cir. 1984), for the proposition that "[t]he owner of the copyright in the collective work (here, the magazine publisher) is presumed to have acquired *only the privilege of publishing the contribution in that particular collective work* unless he has received greater rights by an 'express transfer.'" Opposition at 5-6 (emphasis added by plaintiffs). This interpretation of section 201(c) is in tension with the plain language of the statute, which envisions a limited privilege not only to reproduce and distribute a piece "as part of that particular collective work," but also in "any revision of that collective work, and any later collective work in the same series." 17 U.S.C. § 201(c). The plaintiffs further contend that in *Tasini v. New York Times Co.*, 206 F.3d 161 (2d Cir. 1999), *aff'd* 533 U.S. 483 (2001), the United States Court of Appeals for the Second Circuit interpreted the phrase "later collective work in the same series" to refer to a later version of a dictionary or encyclopedia. *See* Opposition at 6. While the Second Circuit provided these, and not later versions of magazines, as examples, I do not read its discussion to preclude the possibility that a republication of a piece in a later edition of the same magazine could qualify as use in a later collective work in the same series. *See Tasini*, 206 F.3d at 167. In any event, as discussed above, in affirming the Second Circuit's decision, the Supreme Court quoted with favor legislative history stating that section 201(c) permits a reprint in a later issue of a magazine.

## B.  Express Agreement

The plaintiffs argue, in the alternative, that even if the court agrees with the defendant's construction of section 201(c), the republication at issue was prohibited because they granted the defendant permission to publish the Center Lovell Inn Composition only once, in the October 1993 edition of the magazine.  *See* Opposition at 7.  In support thereof, they point to their allegations that the piece "was published in October of 1993 with permission of the Plaintiffs" and the defendant republished it "on or about March 13, 2015 . . . without permission of or license by the Plaintiffs."  *Id*. (quoting Complaint ¶¶ 6, 9).

As the defendant rejoins, *see* Reply at 3-4, these recitations neither allege, nor reasonably can be inferred to allege, the existence of an express agreement limiting the defendant to a one-time publication of the piece.  At most, the Complaint alleges that the defendant did not have the plaintiffs' express permission to republish it.  However, as the defendant observes, *see id*. at 4, in that situation the plaintiffs would be presumed to have given such permission pursuant to section 201(c).

The plaintiffs request that, if the court finds that they were required to allege the existence of the express agreement with more particularity, they be granted leave to amend their complaint to do so.  *See* Opposition at 8.  The defendant does not oppose that request.  *See* Reply at 3-4.  As noted above, the liberal default rule of Rule 15(a)(2) applies.  I discern no basis to conclude that the plaintiffs should be denied the opportunity to amend their complaint in order to correctly state a claim, or that granting them that opportunity would prejudice the defendant.  Accordingly, the plaintiffs should be given leave to amend their complaint.

## C.  Willfulness of Alleged Violation

Because I have recommended that, rather than dismiss the complaint, the court grant the plaintiffs leave to amend it, I reach the defendant's alternative argument that, even if the complaint states a claim for copyright infringement, it does not state a claim for "willful" infringement, requiring dismissal of that portion of the Complaint. *See* Motion at 5-7. The defendant is correct.

Statutory damages for willful copyright infringement are available pursuant to 17 U.S.C. § 504(c), which provides, in relevant part:

> **(1)** Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. . . .

> **(2)** In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. . . .

17 U.S.C. § 504(c).

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (citations omitted).

There is no dispute that the plaintiffs fail to plead any facts from which one could infer willful infringement. Rather, the parties clash over whether, as a matter of law, a claim that a

copyright infringement is willful must, or need not, meet *Twombly/Iqbal* pleading standards. *Compare* Motion at 5-7; Reply at 4-6 *with* Opposition at 8-9.

The defendant relies primarily on *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp.2d 1049 (C.D. Cal. 2011). *See* Motion at 5-7; Reply at 6. In *Amini*, the court granted in part the plaintiff's motion for a default judgment against the defendant for copyright and design patent infringement. *See Amini*, 768 F. Supp.2d at 1052-53, 1058. Citing, *inter alia*, *Twombly* and *Iqbal*, it declined to assess damages for willful copyright infringement, holding that the complaint had not adequately alleged willfulness in that it "assert[ed] the legal conclusion that Defendant has 'knowingly, willingly, and/or deliberately infringed, and/or acted in reckless disregard in infringing, [the plaintiff's] copyrights,' Compl. ¶ 60, but fail[ed] to provide any factual allegations regarding Defendant's knowledge, willfulness, or recklessness, which, if accepted as true, would entitle [the plaintiff] to relief." *Id*. at 1054-55; *see also id*. at 1056, 1058.

The plaintiffs rely primarily on *Blagman v. Apple Inc*., No. 12 Civ. 5453(ALC)(JCF), 2013 WL 2181709 (S.D.N.Y. May 20, 2013), for the proposition that a plaintiff need not plead willful infringement in accordance with *Twombly/Iqbal* pleading standards. *See* Opposition at 8-9. The *Blagman* court reasoned:

> The contention that Blagman has not established willfulness is irrelevant at this point since willfulness may be demonstrated any time before trial and thus cannot be an element of a copyright infringement claim. 17 U.S.C.A. § 504(c) ("copyright owner may elect, at any time before final judgment is rendered . . . an award of statutory damages" which the district court may enhance in its discretion to $150,000 per infringed work upon a finding that the infringement was committed willfully.") . . .
>
> The only case Defendants cite for the proposition that Plaintiff needs to plead willful infringement in the complaint, [*Amini*], is easily distinguished. There, the court determined damages for a default judgment, where the defendant never appeared and the plaintiff had provided no basis in his complaint that statutory damages for willfulness were warranted. *See Amini*, 768 F. Supp.2d at 1054 ("The plaintiff is required to provide evidence of its damages, and the **damages sought**

**must not be different in kind or amount from those set forth in the complaint**.") (emphasis added) (citation omitted)).  Already, this case is quite the opposite and is heavily contested.

*Blagman*, 2013 WL 2181709, at *4.

The *Blagman* court's reasoning is unpersuasive.  First, I do not read 17 U.S.C. § 504(c) to provide that, at any time before judgment, a plaintiff may elect statutory damages for *willful infringement*.  Rather, section 504(c)(1) carves out an exception to that rule for subsection (2), presumably because a plaintiff must sustain the burden of proving that a defendant's infringement was willful.  As the defendant observes, *see* Reply at 5, willfulness is an element of the statutory damages remedy that the plaintiffs seek.  The defendant correctly notes that this court has applied *Twombly*/*Iqbal* pleading requirements in the analogous context of requests for punitive damages. *See id.* at 5-6; *see also, e.g., Pan Am Sys., Inc. v. Hardenbergh*, 871 F. Supp.2d 6, 19 (D. Me. 2012) ("To the extent that Plaintiffs can amend their Complaint to cure its defects, the Court advises that to be eligible for punitive damages, Plaintiffs must allege sufficient factual support for an inference that Defendants acted either with subjective ill will towards the Plaintiffs or in a manner so outrageous that malice towards them can be implied.") (citation omitted).

Second, I do not agree that *Amini* is distinguishable on the basis that its context was a motion for default judgment.  While it is true that, in setting forth applicable legal standards, the *Amini* court noted that damages must not be different in kind or amount from those set forth in the complaint, it also noted that "[a] party seeking a default judgment must state a claim upon which it may recover."  *Amini*, 768 F. Supp.2d at 1053 (citation and internal quotation marks omitted). In the latter context, in a portion of its decision titled "Sufficiency of the Complaint," the *Amini*

14

court found, as noted above, that the complaint failed to state a claim for willful infringement.  *See id.* at 1054-55.[5]

The plaintiffs do not seek leave to amend their complaint to correct any pleading deficiency with respect to their allegation that any copyright infringement was willful.  *See* Opposition at 8-9.  However, applying the liberal standard of Rule 15(a)(2), I recommend that they be afforded the chance to do so, failing which any claim of willful infringement should be dismissed with prejudice.

## IV.  Conclusion

For the foregoing reasons, while I conclude that the Complaint fails to state a claim upon which relief can be granted, I recommend that the court ***GRANT*** the plaintiffs' request for leave to amend their complaint and afford them 10 days from the date of the court's adoption of this recommended decision, should the court so rule, to file an amended complaint, failing which the Complaint should be dismissed with prejudice.  I further recommend that, if any amended complaint does not provide factual support for the plaintiffs' claim that the defendant's alleged copyright infringement was willful, the plaintiffs' claim for damages for willful infringement be dismissed with prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which **de novo** review by the district court is sought, together with a supporting memorandum*

---

[5] The plaintiffs also cite *Arista Records LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), for the proposition that the defendant incorrectly asserts that allegations that a copyright violation was willful must be pleaded to the plausibility standard announced in *Twombly/Iqbal*.  *See* Opposition at 9.  However, the *Arista* court merely rejected the notion that *Twombly/Iqbal* imposed "heightened pleading standards."  *Arista*, 604 F.3d at 119-20.  The defendant does not dispute this.  *See* Reply at 4-5.  Rather, it argues that the plaintiffs' claim of copyright infringement, including their allegation that the infringement was willful, must meet the baseline requirement that a complaint establish a plausible entitlement to relief.  *See id.* at 5.

*and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of November, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

16